## UNITED STATES v. YANT et al.
### No. 6037.

Circuit Court of Appeals, Seventh Circuit.
Feb. 27, 1937.

Rehearing Denied April 8, 1937.

Robert H. Jackson, Asst. Atty. Gen., Sewall Key and Frederic G. Rita, Sp. Assts. to the Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill.

Edward J. Hess, of Chicago, Ill., for appellees.

Before EVANS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

PER CURIAM.

The United States claims a lien upon money in the possession of the United States marshal for an unpaid income tax assessment. Appellees Edward J. Hess and George M. Crane, as assignees of appellee Yant, also assert title to the same money.

Appellees contend that Yant was lawfully in possession of the money and could and did assign it to them in payment of

services rendered in a criminal case brought against Yant. They deny the money belonged to Hartzell. The controversy turns on Hartzell's right or title to the money. Only indirectly is Yant's right to its possession involved. The assignment by Yant may be void for numerous reasons, but that fact does not strengthen appellant's right, claim, or lien. On the other hand, if it were Hartzell's property, then it may be assumed that it was subject to the Government's lien for taxes.

Unfortunately this question of fact cannot be determined by us, in view of the certificate of the trial judge who certified that the statement of evidence is "a full, true and correct statement of the evidence offered and received at *one* of the hearings in said cause." The Government, in presenting its statement of the evidence, asked the court to certify that it was a full, true, and correct statement of *all* the evidence taken at the trial of the said cause. The difference between the requested certificate and the one signed by the trial judge is significant. The court by its certificate foreclosed any review of the determinative issue of fact.

The Government contends that the statement as certified did contain sufficient evidence to conclusively show that the money did not belong to Yant; that Yant was merely Hartzell's agent; that the most that can be said of Yant's claim is that he was an agent in possession of money which had been fraudulently obtained from contributors pursuant to a scheme to defraud through what might be called the "Sir Francis Drake swindle"; that Yant held it as bailee who possessed moneys fraudulently obtained; and that he had as yet not turned the funds over to his superior, Hartzell, in whose possession it was subject to the claim of the United States for unpaid income taxes.

The criminal case growing out of the Sir Francis Drake swindle was tried in the District Court. Yant was one of the defendants therein. He assigned the money in his possession to his coappellees in payment of legal services by them rendered him in such criminal case. The District Judge, who heard the criminal case, also made the order in the search and seizure proceedings from which this appeal is taken. He made findings and, in violation of Supreme Court Rule 71, inserted them in the decree. The court found: "That the money and property remaining in the custody and possession of defendant, the Marshal of this court, and sought to be returned in these proceedings, is not the property of Oscar M. Hartzell, and said money and property is not subject to be distrained or liened, and is not liable, for taxes due the Intervener from said Oscar M. Hartzell."

We are unable to review the correctness of this finding, without all the evidence upon which it is based. The foregoing certificate not only does not affirmatively show that all the evidence was in the statement, but, in view of the request of appellant and the ruling of the court, we must assume that there was evidence other than that set forth in the statement of evidence.

The decree is affirmed.